# EXHIBIT C

STATE OF NORTH CAROLINA    FILED IN THE GENERAL COURT OF JUSTICE

SUPERIOR COURT DIVISION

COUNTY OF WAKE    2018 NOV 30 PM 3: 09   18   CVS   14614

WAKE COUNTY, C.S.C.

BY _____

DENISE PENNELL,

          Plaintiff,

v.

WAKEMED,

          Defendant.

**VERIFIED COMPLAINT**
**(JURY TRIAL DEMANDED)**

## I. PARTIES

1)      Plaintiff Denise Pennell (hereinafter "Plaintiff") is, and at all times relevant to this action was, a citizen and resident of Wake County, North Carolina.

2)      Defendant WakeMed, (hereinafter "Defendant") is, and at all times relevant to this action was, a private, not for profit, hospital created pursuant to Chapter 131E of the North Carolina General Statutes and registered with the North Carolina Secretary of State.

3)      Defendant has a principal place of business in Raleigh, Wake County, North Carolina and does business as WakeMed Health & Hospitals.

4)      Upon information and belief, Defendant employs in excess of seven-thousand employees. As such, Defendant is a covered entity under Section 101(2) of the Americans with Disabilities Act of 1990, as amended by the ADA Amendments Act of 2008.

–1–

## II. JURISDICTION AND VENUE

5)    This court has subject matter jurisdiction over this action pursuant to North Carolina General Statute (hereinafter "N.C.G.S.") §§ 7A-240, 7A-243; 42 U.S.C. § 12117 and 42 U.S.C. § 2000e-5(f)(3).

6)    This court has personal jurisdiction over the Defendant in this matter pursuant to N.C.G.S. § 1-75.4 and 42 U.S.C. § 2000e-5(f)(3).

7)    Venue is properly laid in this Court pursuant to N.C.G.S. § 1-82 and 42 U.S.C. § 2000e-5(f)(3).

## III. FACTS

8)    Plaintiff began employment with Defendant on or about September 12, 1988 as a staff nurse in Defendant's operating rooms.

9)    In early 2017, Plaintiff applied for a position in Defendant's Patient and Family Experience (hereinafter "PFE") Department. Plaintiff was subsequently hired as a PFE Specialist and began working in such position on or about April 12, 2017.

10)    During the time that Plaintiff worked in the PFE Department, she was directly supervised by Annie Brito, her team leader. Ms. Brito was, among other things, responsible for training Plaintiff and other new PFE Department employees.

11.    Ms. Brito treated Plaintiff in a noticeably different manner than she treated other employees. Specifically, Ms. Brito routinely screamed at Plaintiff but did not scream at other employees. In fact, the only time that Ms. Brito screamed at another employee was when Ms. Brito mistakenly thought that employee was Plaintiff. This difference in treatment was noticed by Plaintiff and other PFE Department employees.

-2-

12.     Ms. Brito did not provide Plaintiff with adequate training and seemed to resent Plaintiff. This failure to provide adequate training made it more difficult for Plaintiff to successfully perform her job duties.

13.     In or around June 2017, Ms. Brito and Terri Veneziale, the PFE Department Executive Director, had a discussion about Plaintiff within earshot of other PFE Department employees. During that discussion, Mr. Brito and Ms. Veneziale speculated that Plaintiff had some sort of learning disability or early onset Alzheimer's.

14.     In late July 2017, Plaintiff was asked to meet with Ms. Veneziale and Susan McFarland, the PFE Department Manager. During this meeting, Ms. Veneziale and Ms. McFarland told Plaintiff that they believed Plaintiff had an auditory processing disorder, dyslexia and ADHD and that Plaintiff should be tested for these conditions. Plaintiff agreed to utilize Defendant's EAP program for such testing because she wanted to keep her job as a PFE Specialist.

15.     Plaintiff was examined by a licensed psychologist on August 10, 2017 and was scheduled for a follow-up appointment and testing on August 29, 2018.

16.     Ms. McFarland and Ms. Brito met with Plaintiff on Friday, August 18, 2017. During said meeting, Ms. McFarland told Plaintiff that Plaintiff was going to be terminated from employment. Ms. McFarland also stated, "if I were you, I would resign."

17.     On Monday, August 21, 2017, Plaintiff submitted a written notice of resignation to Ms. McFarland. Plaintiff did so because Ms. McFarland had previously told Plaintiff that she would be discharged if she did not resign.

18.     Plaintiff was effectively discharged from her PFE Specialist position with Defendant.

19.     Defendant discharged Plaintiff before Plaintiff obtained the results of her psychological testing. Those results showed that Plaintiff did not have ADHD or any other learning disabilities.

## IV. CLAIMS FOR RELIEF

### VIOLATION OF TITLE I OF THE ADA

20)     Plaintiff incorporates herein the allegations of paragraphs 1-18 of this complaint as if fully set forth herein.

21)     On January 29, 2017, Plaintiff filed a charge with the Equal Employment Opportunity Commission (hereinafter "EEOC") alleging that Defendant had discriminated against Plaintiff on account of her perceived disability.

22)     On September 7, 2018, Plaintiff received a right to sue letter, dated August 24, 2018 and postmarked September 5, 2018, from the EEOC with respect to the charge of discrimination that Plaintiff filed against Defendant.

23)     Plaintiff has exhausted all applicable administrative remedies as required by Title VII of the Civil Rights Act of 1964, as amended.

24)     Title I of the Americans with Disabilities Act (ADA) prohibits covered employers from discriminating against qualified individuals with a disability during all aspects of employment. 42 U.S.C. § 12112(a).

25)     Defendant discriminated against Plaintiff and effectively terminated Plaintiff because of a perceived disability in violation of the ADA.

26)     The effect of the practices complained of above has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee

–4–

because of her perceived disability.

27)     As a result of Defendant's actions, Plaintiff has suffered lost wages, lost employment benefits, mental and emotional distress, the loss of status and reputation, and other economic losses.

28)     As a result of Defendant's actions, Plaintiff has suffered damages in an amount in excess of $25,000.00, the exact amount to be proven at trial.

## V.  PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays the Court:

1)     For judgment against Defendant for compensatory damages in a sum in excess of Twenty-Five Thousand Dollars ($25,000.00) as determined by the trier of fact as provided by law;

2)     For a judgment declaring the employment practices of Defendant alleged herein to be unlawful;

3)     For an order requiring Defendant to make whole the Plaintiff by reinstating her to the position of employment she would have enjoyed had Defendant not engaged in unlawful practices, by providing Plaintiff appropriate back pay, front pay, and reimbursement for lost benefits in an amount to be shown at trial, and by granting Plaintiff other appropriate affirmative relief;

4)     For recovery of Plaintiff's costs herein, including a reasonable attorney's fee pursuant to 42 U.S.C. § 1988, and prejudgment interest from the date of the filing of this complaint;

5)     For such other relief to which Plaintiff may be entitled in law or in equity; and,

6)     Trial by jury is hereby demanded as to all issues so triable.

This the 30th day of November 2018,

BY: _____
Charles E. Monteith, Jr.
NC State Bar No. 9368
ATTORNEY FOR THE PLAINTIFF
Monteith Law, PLLC
9121 Anson Way, Suite 200
Raleigh, North Carolina  27615
Telephone No. (919) 987-1052
Facsimile No. (984) 777-5435

STATE OF NORTH CAROLINA
COUNTY OF WAKE

VERIFICATION

Denise Pennell, first being duly sworn, deposes and says:

That she is the Plaintiff in the foregoing action; that she has read the foregoing Verified Complaint and knows the contents thereof; and that the same is true of her knowledge, except as to those matters and things therein stated upon information and belief, and that to those matters she believes them to be true.

This 30 day of November 2018,

Denise Pennell
Denise Pennell

Sworn and subscribed
before me this the
30 day of November, 2018,

Notary Public

My Commission expires: 5-6-23

